2024CV02309-12

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DEBRA FORD**<br><br>**Plaintiff, vs.**<br><br>**ALL STATE PROPERTY AND CASUALTY INSURANCE COMPANY,**<br><br>**a foreign corporation,**<br><br>**Defendant.** |  **EXHIBIT "A"**<br><br>**CIVIL ACTION FILE NO:**   2024CV02309-12 |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plantiff's attorney, whose name, address and email is below, an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. This 6th day of June 2024.

RESPECTFULLY  SUBMITTED,

**YOUR INSURANCE ATTORNEY, PLLC**

*/s/ Brian Braddy*
Brian Braddy
Georgia State Bar No. 967126
Attorney for Plaintiff
260 Peachtree Street
Suite 2200
Atlanta, GA  30303
888-570-5677 (phone)
888-881-1075 (facsimile)

KJ

2024CV02309-12

EFILED
CLAYTON COUNTY, GA
6/6/2024 4:27 PM
Chanae Q. Clemons
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

|  |  |
|---|---|
| **DEBRA FORD** | |
| **Plaintiff, vs.** | |
| **ALL STATE PROPERTY AND CASUALTY INSURANCE COMPANY,** | **CIVIL ACTION FILE NO:** 2024CV02309-12 |
| **a foreign corporation,** | |
| **Defendant.** | |

### COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND BAD FAITH

**COMES NOW** Plaintiff, DEBRA FORD (the "Insured"), by and through counsel, and files this Complaint for breach of first party property insurance contract and bad faith in payment of insurance coverage against Defendant, ALL STATE PROPERTY AND CASUALTY INSURANCE COMPANY (the "Insurance Company"), and in support hereof, states as follows:

### PARTIES

1.

The Insured is an adult resident citizen of Clayton County, Georgia.

2.

Upon information and belief, the Insurance Company is a foreign company, registered to transact business in, and in fact transacts business in, the State of Georgia. The Insurance Company is in the business of insuring risks and properties located throughout the United States, including Georgia. The Insurance Company maintains an office at c/o C T Corporation System, 289 S Culver

KJ

2024CV02309-12

St, Lawrenceville, GA, 30046-4805, USA where it may be served with process through its registered agent, Linda Banks, as identified by the state of Georgia Secretary of State registry.

## JURISDICTION AND VENUE

**3.**

This Court has subject matter jurisdiction over this action for breach of contract and bad faith in payment of insurance claim, and the Court has personal jurisdiction over the Insurance Company because it is transacting business and insuring properties in the State of Georgia, including insuring properties in Clayton County Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

**4.**

Venue is proper in this Court because the Insurance Company has insured properties in Clayton County, Georgia and said subject property resides in Clayton County, Georgia where the cause of action arose pursuant O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

## THE POLICY

**5.**

In consideration of the premiums paid by the Insured, the Insurance Company issued Policy number 931057036 (the "Policy"). Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against sudden and accidental direct physical loss. The damaged property is located at 4094 Rockey Valley Dr, Conley, GA 30288 (the " Property" or the "home").

**6.**

Specifically, the Policy provides coverage for "the dwelling and materials and supplies

2024CV02309-12

located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises"; "Other structures on the residence premises separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line or similar connection are considered to be other structures" and "Personal property owned or used by an insured while it is anywhere in the world ".

**7.**

The Policy also covers Personal Property Protection and Additional Living Expenses.

## DAMAGE TO THE INSURED PROPERTY

**8.**

On or about June 25, 2023, while the Policy was in full force and effect, the Property sustained a covered loss as a result of hail damage during a windstorm (the "Loss").

**9.**

On, or about June 25, 2023, the Insured submitted a claim to the Insurance Company for coverage due to the Loss that was suffered.

**10.**

The Insured promptly and timely notified the Insurance Company of the damage to the home and made a claim pursuant to the Policy. As a result, the Insurance Company assigned claim number 0719111668 to the Loss and assigned an agent to investigate the Insured's claim for damage. The adjuster was authorized as the Insurance Company's representative and agent for purposes of the Loss.

**11.**

At all times material hereto, the Insured fully cooperated and the Property at issue

2024CV02309-12

was made available to the Insurance Company and its representatives to inspect and investigate the Loss.

**12.**

The Insurance Company, through its authorized representative and agent performed a site inspection of the Insured's home.

**13.**

The Insurance Company's authorized representative and agent incurred the duty of acting with due diligence in achieving a proper disposition of the Insured's claim when they undertook the handling of the claim.

**14.**

On or about November 17, 2023 Insurance company made payment on the claim and the Insurance Company acknowledged that the Property sustained a covered Loss and offered payment. However, the Insurance Company, through its authorized representative and agent, grossly underestimated the scope of damages from the Loss

**15.**

The Insurance Company prepared an estimate for the damage totaling $50,327.31 as the full cost of repair with $42,581.33 being the estimated actual cash value of the Loss. After applying the Policy deductible of $1,000 and a deduction for recoverable depreciation in the amount of $1,132.61, a payment was issued in the amount of $41,581.33. However, after diligent inspection of the Loss, it was obvious that the Property sustained covered damages greater than the damages acknowledged by the Insurance Company.

**16.**

As a result of the Insurance Company's failure to adequately adjust the Loss, the Insured requested a re-evaluation of the claim. The Insured hired counsel, submitted sworn proof of loss for damages covered under the Policy, submitted all pictures and receipts available and in their possession, and provided an updated estimate for the Loss. The Insurance Company refused to reconsider its position regarding the Loss and continued to frivolously and baselessly deny any further payment. Furthermore, the Insurance Company continued to ignore the opinions of the Insured's experts as to the amount of damage and the amount it will cost to restore the Property to its pre-loss condition.

**17.**

The Insurance Company did not act fairly and honestly toward the Insured with due regard for the claim when the Insurance Company failed to adequately compensate the Insured for the entire Loss. This is in direct breach of the terms and conditions of the Policy when under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward its Insured and with due regard for their interests.

**18.**

All contractual obligations under the Policy and conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed. .

**19.**

There exists a genuine, justifiable controversy between the Insured and the Insurance Company as to whether the Insurance Company t is responsible for coverage for the replacement cost of the actual physical damage to the Property caused by the Loss.. The Insured has exhausted all reasonable means possible to resolve this dispute with the Insurance Company . With no other option, the Insured was constrained to hire legal counsel, incurring

2024CV02309-12

additional expenses, and filing of this lawsuit.

**20.**

The Insured has suffered physical damage to the Property in an amount to be determined at trial.

## COUNT I
## BREACH OF CONTRACT

**21.**

The Insured adopt, re-allege, and incorporate the allegations set forth in Paragraphs 1-20 of this Complaint as if fully set forth herein.

**22.**

At all times material hereto, the Insured have satisfied all post-loss obligations to the best of their ability in accordance with the Policy. This includes but is not limited to: timely payment of premiums; timely notice of the claim; and protecting the Property from further damage.

**23.**

The Insurance Company is required to compensate the Insured for all direct physical losses under the terms of the Policy.

**24.**

Despite the Insured's timely written demand that the Insurance Company pay the covered losses, the Insurance Company has frivolously and baselessly failed, to acknowledge that additional payment would be forthcoming, and it has failed to adequately provide coverage under the terms of the Policy. As a result of the foregoing, the Insurance Company has breached the Policy causing further delay in restoring the Property to its pre-loss condition.

**25.**

The Insurance Company has failed to act in good faith and fair dealing under the

2024CV02309-12

terms of the Policy by refusing to properly investigate and pay the Loss according to the terms of the Policy.

**26.**

The Insurance Company has used the tactic of denying compensation to the Plaintiff for covered losses that were sustained due to the damage. Further, the Insurance Company has used the tactic of denying payment to the Insured to misrepresent the language of the Policy.

**27.**

As a result of the Insurance Company's tactic of denying and delaying the Insured's claim, the Insured has sustained damage to the Property in an amount to be determined at trial. In addition, the Insured has further covered losses from mitigation and temporary repairs in an amount to be determined at trial.

**28.**

As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained, and continues to suffer, significant damages.

**29.**

All of the foregoing conduct constitutes a breach of contract that has resulted in damages to the Insured.

**30.**

**WHEREFORE,** the Insured prays for this Court to enter an award in their favor for compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

2024CV02309-12

## COUNT II
## BAD FAITH

**31.**

The Insured adopt, reallege, and incorporate the allegations set forth in Paragraphs 1-30 of this Complaint as if fully set forth herein.

**32.**

The Insurance Company has acted frivolously and without a reasonable basis or justification in contravention of its duty of good faith and fair dealing to achieve a proper disposition of the Insured's claim.

**33.**

The Insurance Company has not attempted in good faith to settle the Insured's claim when, under all the circumstances it could and should have done so had it acted fairly and honestly toward the Plaintiff and with due regard for their interests, namely, but not limited to:

(1) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue. See O.C.G.A. § 33-6-34(1);

(2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies. See O.C.G.A. § 33-6-34(2);

(3) Failing to adopt and implement procedures for the prompt investigation and settlement of claims arising under its policies. See O.C.G.A. § 33-6-34(3);

(4) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonable clear. See O.C.G.A. § 33-6-34(4);

2024CV02309-12

(5) Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them. See O.C.G.A. § 33-6-34(5);

(6) Refusing to pay claims without conducting a reasonable investigation. See O.C.G.A. § 33-6-34(6);

(7) When requested by the insured in writing, failing to affirm or deny coverage of claims within a reasonable time after having completed its investigation related to such claim or claims. See O.C.G.A. § 33-6-34(7); and

(8) When requested by the insured in writing, failing in the case of claim denial or offers of compromise settlement to provide promptly a reasonable and accurate explanation of the basis for such action. In the case of claims denials, such denials shall be in writing. See O.C.G.A. § 33-6-34(10).

**34.**

The above and foregoing actions of the Insurance Company give rise to a cause of action for bad faith as the Insurance Company has frivolously and without a reasonable basis refused to pay the Insured's covered Loss within sixty (60) days after the Insured's timely written demand for payment according to O.C.G.A § 33-4-6.

**35.**

The Insurance Company has frivolously and without a reasonable basis used the tactic of denying compensation to the Insured for a covered Loss. Further, the Insurance Company

has frivolously and without a reasonable basis used the tactic of delaying payment to misrepresent the language of the Policy.

**36.**

The Insurance Company's refusal to pay the Insured's covered losses was done frivolously, without a reasonable basis, and otherwise, in bad faith.

**37.**

As a result of the Insurance Company's breach of the Policy and continuous refusal to adequately indemnify the Insured, the Insurance Company acted in bad faith. Pursuant to O.C.G.A. § 33-4-6, the Insured is entitled to all damages, whether foreseeable or not, that are a direct result of the Insurance Company's intentional failure to perform, including a penalty of an additional fifty percent (50%) of the value of the claim, attorneys' fees, and the Insured's consultant and expert fees.

**38.**

Pursuant to O.C.G.A. § 33-4-6, the Insurance Company is obligated to pay any amounts owed to the Insured within sixty (60) days of receipt of formal demand and have failed to do so. As a result of that frivolous failure - which was arbitrary, capricious, and without a reasonable basis - the Insurance Company is liable for all amounts due under its respective policy plus fifty percent (50%).

**39.**

Pursuant to O.C.G.A. § 33-4-6, the Insurance Company owed the Insured Plaintiff a duty of good faith and fair dealing and had an affirmative duty to adjust the Loss fairly and promptly and to make a reasonable effort to settle claims with the insured when, under all the circumstances it could and should have done so had it acted fairly and honestly. Because the

2024CV02309-12

Insurance Company has breached these duties, it is liable to the Insured for all damages as a result of the breach, including but not limited to those specified in O.C.G.A. § 33-4-6.

**40.**

Pursuant to O.C.G.A. § 33-4-6, the Insurance Company breached its duty of good faith and fair dealing and its affirmative duty to adjust claims fairly and promptly when it failed to fully cover the damages and refused to conduct a reasonable investigation of the Insured's claim. Moreover, such failure was arbitrary, capricious, and without probable cause.

**41.**

As a result, pursuant to O.C.G.A. § 33-4-6, Defendant is liable for penalties in the amount of "not more than fifty percent (50%) of the liability of the insurer for the loss, or $5000, whichever is greater, and all reasonable attorneys' fees for the prosecution of the action against the Insurer." The Insured is entitled, in addition to its covered losses set forth herein, to a statutory award of reasonable attorneys' fees in prosecuting this action, along with a statutory award in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000, whichever is greater, under O.C.G.A. § 33-4-6 for the Insurance Company's unfair claims settlement practices and bad faith refusal to pay the Insured's Loss when it could and should have done so, had it acted fairly and reasonably toward the insured.

## COUNT III
## ATTORNEY'S FEES

**42.**

The Insured adopt, reallege, and incorporate the allegations set forth in Paragraphs 1-41 of this Complaint as if fully set forth herein.

**43.**

2024CV02309-12

The Insurance Company has acted in bad faith, has been stubbornly and maliciously litigious and has caused the Insured unnecessary trouble and expense.

**44.**

Under these circumstances, the Insurance Company is liable for all of the Insured's costs and expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 9-15-14 and O.C.G.A. § 13-6-11.

## DEMAND FOR JURY TRIAL

**45.**

Plaintiff hereby requests a trial by Jury on all counts of the Complaint.

## PRAYER FOR RELIEF

**46.**

**WHEREFORE,** the Insured request that after due proceedings are had, all appropriate penalties be assessed against the Insurance Company and that the Insured receive any and all damages at law to which it is justly entitled, and thus prays for judgment against the Insurance Company as follows:

a. That this Court grant judgment in favor of the Plaintiff and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiff by the Defendant and any resulting expenses and temporary repairs.

c. Bad faith damages in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000, whichever is greater, for Defendant's bad faith delay, denial, and its intentional, frivolous failure to conduct a reasonable investigation of the Plaintiffs claim without a reasonable basis;

2024CV02309-12

d.  Plaintiff's attorneys' fees and costs in this action;

e.  Plaintiff's consultant and expert fees;

f.  Pre- and post-judgment interest in the maximum amount allowed by law;

g.  All statutory penalties;

h.  Any and all applicable multipliers; and,

i.  Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

Dated this 6<u>th</u> day of June 2024

Respectfully submitted,


**YOUR INSURANCE ATTORNEY, PLLC**

*/s/ Brian Braddy*
Brian Braddy
Georgia State Bar No. 967126
Attorney for Plaintiff
260 Peachtree Street
Suite 2200
Atlanta, GA 30303
888-570-5677 (phone)
888-881-1075 (facsimile)